**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**



FILED

JAN - 6 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**WILLIAM E. JOHNSON, II,**

    Plaintiff,

v.

CIVIL ACTION NO. _2: 11cv 14_
**TRIAL BY JURY DEMANDED**

**EXPERIAN INFORMATION SOLUTIONS, INC.**

SERVE:    David N. Anthony
             Registered Agent
             1001 Haxall Point
             Richmond, VA 23219

and

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**

SERVE:    Judith Scott
             Registered Agent
             120 Corporate Boulevard
             Norfolk, Virginia 23502

    Defendants.

## COMPLAINT

    COMES NOW the Plaintiff, WILLIAM E. JOHNSON, II, (hereafter the "Plaintiff") by

counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

    1.    This is an action for actual, statutory and punitive damages, costs and attorneys'

fees brought pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*,

("FCRA").

## JURISDICTION

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

## PARTIES

3.      The Plaintiff is a natural person and resides in the Commonwealth of Virginia. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Upon information and belief, Experian Information Solutions, Inc. ("Experian"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5.      Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

6.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7.      Upon information and belief, Portfolio Recovery Services, LLC ("Portfolio"), is a corporation authorized to do business in the Commonwealth of Virginia, through its registered office in Norfolk, Virginia.  Portfolio's principle business purpose is the collection of debts.

## FACTS

8.      On or about August 4, 2005, Defendant Portfolio obtained a default judgment against the Plaintiff in Chesapeake General District Court, Chesapeake, Virginia, for the amount of $1,920.24.

2

9.     Plaintiff did not receive proper service for the warrant in debt upon which Portfolio obtained the default judgment and was not aware of the judgment against him.

10.     On or about October 12, 2007, Plaintiff obtained a copy of his credit report and discovered that Portfolio had a derogatory collection account on his credit report. Plaintiff had never owed any debt to Portfolio.

11.     On or about November 2, 2007, Plaintiff forwarded a dispute letter to Portfolio and advised that the account was disputed and requested that Portfolio validate the debt pursuant to the federal Fair Debt Collections Practices Act.

12.     Portfolio failed to respond to Plaintiff's letter.

13.     On or about June 30, 2008, Portfolio filed a Summons to Answer Interrogatories in the Chesapeake General District Court as a prelude to initiating collection action on the default judgment obtained in 2005.

14.     On or about October 8, 2008, Plaintiff successfully sued to have the default judgment vacated and the Court entered a Vacate Order on August 8, 2008.

15.     On or about November 25, 2008, Plaintiff forwarded by certified mail a dispute letter to Defendant Experian regarding the inaccurate reporting of the Portfolio collection account and judgment within his credit report. Plaintiff advised Experian that he owed no debt to Portfolio and that the judgment had been vacated and provided a copy of the Vacate Order. Plaintiff requested that Experian investigate this account and remove it from his credit reports.

16.     On or about January 8, 2009, Experian responded to Plaintiff's dispute letter by advising that the account had been previously investigated, that Portfolio had verified that the account was reporting accurately as a collection account and that no change would be made to

3

his credit report without additional relevant information.  This was the earliest date on which the Plaintiff could have learned that the Defendants had failed to conduct a lawful investigation of his dispute.

17.     Experian received Plaintiff's dispute letter of November 25, 2008, but ignored the dispute and did refuse to investigate and delete the inaccurate information regarding the Portfolio account from the Plaintiff's credit file.

18.     Experian had actual knowledge of the Portfolio inaccuracy and deliberately chose to ignore and permit the reporting of same.

19.     Upon information and belief, Plaintiff alleges that Experian forwarded Plaintiff's dispute to Portfolio.  Upon information and belief, Portfolio was provided notice of Plaintiff's dispute and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

<u>**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**</u>
<u>**15 U.S.C. §1681i(a)(1)**</u>
**(Experian)**

20.     Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21.     Defendant Experian violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

22.     As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described

4

herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

23. Defendant Experian's conduct, actions and inactions were willful, rendering Defendants Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

24. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

<u>**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**</u>
**<u>§15 U.S.C. 1681i(a)(2)</u>**
**(Experian)**

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above as if fully set out herein.

26. Defendant Experian violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Portfolio all relevant information regarding the Plaintiff's dispute.

27. As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

28. Defendant Experian's conduct, actions and inactions were willful, rendering Defendants Experian liable for punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

29.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(4)**
**(Experian)**

30.    Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

31.    Defendant Experian violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

32.    As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

33.    Defendant Experian's conduct, actions and inactions were willful, rendering Defendant Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34.    The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (Experian)

35.     Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36.     Defendant Experian violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

37.     As a result of the conduct, actions and inactions of Defendant Experian, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38.     Defendant Experian's conduct, actions and inactions were willful, rendering Defendants Experian liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendant Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
### (Portfolio)

40.  Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Portfolio violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the Portfolio reporting.

42.     As a result of this conduct, action and inaction of Portfolio, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

43.     Portfolio's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Portfolio was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Portfolio in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (Portfolio)

45.     Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Portfolio violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

8

47.     As a result of this conduct, action and inaction of Portfolio, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

48.     Portfolio's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Portfolio was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

49.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Portfolio in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (Portfolio)

50.     Plaintiff realleges and incorporates paragraphs 1 through 49 above as if fully set out herein.

51.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Portfolio violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the Portfolio representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

52.     As a result of this conduct, action and inaction of Portfolio, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on

Plaintiff's behalf by counsel:  loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

53.     Portfolio's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Portfolio was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

54.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Portfolio in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**WILLIAM E. JOHNSON, II**

By _____
Of Counsel

Leonard A. Bennett, VSB #37523
Robin A. Abbott, VSB #46596
Gary L. Abbott, VSB #68829
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile

10