**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

WILLIAM E. JOHNSON, II,

        Plaintiff,

v.                                     Civil Action No. 2:11-CV-14

EXPERIAN INFORMATION SOLUTIONS, INC.

and

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,

        Defendants.

---

## ANSWER

---

**COMES NOW** Defendant Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), by and through its undersigned counsel, as and for its response to plaintiff William E. Johnson, II's ("Plaintiff") Complaint, states as follows:

1.      In response to Paragraph 1 of Plaintiff's Complaint, Portfolio denies that it violated the Fair Credit Reporting Act ("FCRA").

## <u>JURISDICTION</u>

2.      In response to Paragraph 2 of Plaintiff's Complaint, Portfolio admits that this Honorable Court has jurisdiction of claims for violations of the FCRA, but denies that Portfolio violated the FCRA.

## PARTIES

3.      In response to Paragraph 3 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

4.      In response to Paragraph 4 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

5.      In response to Paragraph 5 of Plaintiff's Complaint, Portfolio admits the allegations contained therein.

6.      In response to Paragraph 6 of Plaintiff's Complaint, Portfolio admits that the allegations contained therein.

7.      In response to Paragraph 7 of Plaintiff's Complaint, Portfolio notes that the entity "Portfolio Recovery Services, LLC" is not a party, responds as if the allegation were regarding the Defendant herein, and admits the allegations contained therein as if made against the Defendant herein.

## FACTS

8.      In response to Paragraph 8 of Plaintiff's Complaint, Portfolio admits it obtained a judgment by default against the Plaintiff herein on August 4, 2005 in the General District Court for the City of Chesapeake, denies that the judgment was in the amount stated, and avers that the judgment was in the amount of $1,882.24 plus court costs of $38.00 and interest at six percent (6%).

9.      In response to Paragraph 9 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

10.     In response to Paragraph 10 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations in the first sentence contained therein, and therefore denies the same.  Portfolio denies the remaining allegations of Paragraph 10 of the Plaintiff's Complaint.

11.     In response to Paragraph 11 of Plaintiff's Complaint, Portfolio admits that on or about November 13, 2007 it received a letter from the Plaintiff disputing the account and requesting validation thereof.

12.     In response to Paragraph 12 of Plaintiff's Complaint, Portfolio denies that it failed to respond to the letter by investigating the same, but admits that it did not respond directly to the Plaintiff by letter.

13.     In response to Paragraph 13 of Plaintiff's Complaint, Portfolio admits the allegations contained therein.

14.     In response to Paragraph 14 of Plaintiff's Complaint, Portfolio admits that it agreed to entry of an order vacating judgment and entry of a nonsuit, but denies the remaining allegations as phrased.

15.     In response to Paragraph 15 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

16.     In response to Paragraph 16 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

17.     In response to Paragraph 17 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

18.     In response to Paragraph 18 of Plaintiff's Complaint, Portfolio lacks sufficient knowledge or information to admit or deny the allegations contained therein, and therefore denies the same.

19.     In response to Paragraph 19 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

## COUNT ONE

20.     In response to Paragraph 20 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-19 of its Answer.

21.      In response to Paragraph 21 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

22.      In response to Paragraph 22 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

23.      In response to Paragraph 23 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

24.      In response to Paragraph 24 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

## COUNT TWO

25.      In response to Paragraph 25 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-24 of its Answer.

26.      In response to Paragraph 26 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

27.      In response to Paragraph 27 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

28.      In response to Paragraph 28 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

29.      In response to Paragraph 29 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

## COUNT THREE

30.      In response to Paragraph 30 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-29 of its Answer.

31.     In response to Paragraph 31 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

32.     In response to Paragraph 32 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

33.     In response to Paragraph 33 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

34.     In response to Paragraph 34 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

## **COUNT FOUR**

35.     In response to Paragraph 35 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-34 of its Answer.

36.     In response to Paragraph 36 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

37.     In response to Paragraph 37 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

38.      In response to Paragraph 38 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

39.      In response to Paragraph 39 of Plaintiff's Complaint, Portfolio avers that the allegations are against Codefendant Experian and that no further response by Portfolio is required thereto.

## COUNT FIVE

40.      In response to Paragraph 40 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-39 of its Answer.

41.      In response to Paragraph 41 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

42.      In response to Paragraph 42 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

43.      In response to Paragraph 43 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

44.      In response to Paragraph 44 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

## COUNT SIX

45.      In response to Paragraph 45 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-44 of its Answer.

46.      In response to Paragraph 46 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

47.     In response to Paragraph 47 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

48.     In response to Paragraph 48 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

49.     In response to Paragraph 49 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

## COUNT SEVEN

50.     In response to Paragraph 50 of Plaintiff's Complaint, Portfolio realleges and incorporates paragraphs 1-49 of its Answer.

51.     In response to Paragraph 51 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

52.     In response to Paragraph 52 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

53.     In response to Paragraph 53 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

54.     In response to Paragraph 54 of Plaintiff's Complaint, Portfolio denies the allegations contained therein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that this Honorable Court award judgment in favor of Portfolio Recovery Associates, LLC and against Plaintiff, together with costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each count claimed therein fails to state a claim against Portfolio upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Portfolio denies both the material allegations of Plaintiff's Complaint and that Plaintiff is entitled to the relief requested therein.

## THIRD AFFIRMATIVE DEFENSE

Portfolio affirmatively invokes and asserts all defenses created by and under the Fair Credit Reporting Act, including that Plaintiff's claim is barred by the bona fide error defense and that Portfolio's conduct was in good faith and in conformity with a formal opinion of the Federal Trade Commission.

## FOURTH AFFIRMATIVE DEFENSE

Portfolio affirmatively asserts that some or all of the Plaintiff's claims are barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Portfolio affirmatively asserts the defense of failure to mitigate damages.

**WHEREFORE**, Portfolio Recovery Associates, LLC respectfully requests that the Complaint be dismissed with prejudice and that it be awarded costs of this action, reasonable attorneys' fees  pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court may deem appropriate.

Dated this 15th day of February, 2011.

Respectfully Submitted,

/s/_____
Steven R. Zahn, Esq. (VSB#43332)
Portfolio Recovery Associates, LLC
140 Corporate Boulevard
Office of General Counsel
Norfolk, VA  23502
Phone: (757) 321-2512
Fax: (757) 321-2518
szahn@portfoliorecovery.com
*Attorney for Portfolio Recovery Associates*

## CM/ECF CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing electronically to the following:

Gary L. Abbott, Esq.
Leonard Anthony Bennett, Esq.
Robin Ann Abbott, Esq.
Consumer Litigation Associates, P.C.
12515 Warwick Blvd. Suite 100
Newport News, VA 23606

and

David Neal Anthony, Esq.
Troutman Sanders LLP
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122

/s/_____
Steven R. Zahn (VSB#43332)