IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILLIAM E. JOHNSON, II,**

      **Plaintiff,**

v.                                          Civil Action No.: 2:11-CV-14

**EXPERIAN INFORMATION
SOLUTIONS, INC, PORTFOLIO
RECOVERY ASSOCIATES, LLC,**

      **Defendants.**

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff's Complaint ("Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1 of the Complaint, Experian admits that William E. Johnson, II ("Plaintiff") purports to bring this lawsuit under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* Except as specifically admitted, Experian denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION

2. In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Experian states that these are legal conclusions, which are not subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits that upon information and belief, Plaintiff is a natural person. The remaining allegations contained in paragraph 3 of the Complaint are legal conclusions which are not subject to admission or denial.

4. In response to paragraph 4 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia. Except as specifically admitted, Experian denies the remaining allegations in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Experian admits that as a consumer reporting agency, it issues consumer reports as defined by 15 U.S.C. § 1681a(f).

6. Experian admits the allegations contained in paragraph 6 of the Complaint.

7. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies the same.

## FACTS

8-16. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in paragraphs 8-16 of the Complaint and therefore denies the same.

17-18. Experian denies the allegations contained in paragraphs 17-18 of the Complaint.

19. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C.§1681i(a)(1)
### (Experian)

20. Experian incorporates its responses to the allegations contained in paragraphs 1-19 as if fully set forth herein.

21. Experian denies the allegations contained in paragraph 21 of the Complaint.

22. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 22 of the Complaint.

23. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 23 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 23 of the Complaint. Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 23 of the Complaint. Experian further denies the remaining allegations in paragraph 23 of the Complaint.

24. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 24 of the Complaint.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C.§1681i(a)(2)
### (Experian)

25. Experian incorporates its responses to the allegations contained in paragraphs 1-24 as if fully set forth herein.

26. Experian denies the allegations contained in paragraph 26 of the Complaint.

27. Experian denies that Plaintiffs has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 27 of the Complaint.

28. Experian denies that it has harmed plaintiffs willfully as alleged in paragraph 28 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 28 of the Complaint. Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 28 of the Complaint. Experian further denies the remaining allegations in paragraph 28 of the Complaint.

29. Experian denies that it is liable to plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 29 of the Complaint.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C.§1681i(a)(4)
### (Experian)

30. Experian incorporates its responses to the allegations contained in paragraphs 1-29 as if fully set forth herein.

31. Experian denies the allegations contained in paragraph 31 of the Complaint.

32. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 32 of the Complaint.

33. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 33 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 33 of the Complaint. Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 33 of the Complaint. Experian further denies the remaining allegations in paragraph 33 of the Complaint.

34. Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 34 of the Complaint.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C.§1681i(a)(5)(A)
### (Experian)

35. Experian incorporates its responses to the allegations contained in paragraphs 1-34 as if fully set forth herein.

36. Experian denies the allegations contained in paragraph 36 of the Complaint.

37. Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph of 37 of the Complaint.

38. Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 38 of the Complaint. Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 38 of the Complaint. Experian further denies that it is liable to the Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 38 of the Complaint. Experian further denies the remaining allegations in paragraph 38 of the Complaint.

39. Experian denies that it is liable to plaintiffs for the requested relief or for any relief whatsoever, as alleged in paragraph 39 of the Complaint.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C.§1681s-2(b)(1)(A)
### (Portfolio)

40. Experian incorporates its responses to the allegations contained in paragraphs 1-39 as if fully set forth herein.

41-44. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in paragraphs 41-44 of the Complaint and therefore denies the same.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C.§1681s-2(b)(1)(B)
### (Portfolio)

45. Experian incorporates its responses to the allegations contained in paragraphs 1-44 as if fully set forth herein.

46-49. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in paragraphs 46-49 of the Complaint and therefore denies the same.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C.§1681s-2(b)(1)(C) and (D)
### (Portfolio)

50. Experian incorporates its responses to the allegations contained in paragraphs 1-49 as if fully set forth herein.

51-54. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in paragraphs 51-54 of the Complaint and therefore denies the same.

55. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

56. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against

Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## FOURTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

### **SEVENTH AFFIRMATIVE DEFENSE**
**(Venue)**

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

### **EIGHTH AFFIRMATIVE DEFENSE**
**(Statute Of Limitations/Laches)**

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### **NINTH AFFIRMATIVE DEFENSE**
**(Right To Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**


By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Defendant*
*Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697–5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Leonard A. Bennett
>Gary L. Abbott
>Robin Ann Abbott
>Consumer Litigation Associates
>12515 Warwick Blvd., Suite 100
>Newport News, VA 23606
>Telephone: 757.930.3662
>Facsimile: 757.930.3662
>Email: lenbennett@cox.net
>Email: garyabbot9@msn.com
>Email: rabbottlaw@msn.com
>*Counsel for Plaintiff*
>
>Steven Zahn
>Portfolio Recovery Associates
>Associate Counsel – Litigation
>140 Corporate Blvd
>Norfolk, VA 23510
>Telephone: 757.321.2512
>Facsimile: 757.321.2518
>Email: szahn@portfoliorecovery.com
>*Counsel for Portfolio Recovery Services*
>
>          /s/David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for Defendant*
>*Experian Information Solutions, Inc.*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>Richmond, Virginia 23219
>Telephone: (804) 697–5410
>Facsimile: (804) 698-5118
>Email: david.anthony@troutmansanders.com

2028445v1